In re **ADVANCED PROFESSIONAL HOME HEALTH CARE INC., Debtor.**

**ADVANCED PROFESSIONAL HOME HEALTH CARE INC., Plaintiff,**

v.

**Otis R. BOWEN, Secretary of the Department of Health and Human Services Defendant.**

No. 88–72436.

United States District Court, E.D. Michigan, S.D.

Dec. 16, 1988.

Karl Overman, U.S. Atty's Office, Detroit, Mich., for plaintiff.

Jerome Frank, Shepack MacCullough, Bloomfield Hills, Mich., for defendant.

### MEMORANDUM OPINION

COHN, District Judge.

This is an appeal by the Secretary of Health and Human Services from a judgment of the Bankruptcy Court entered in an adversary proceeding. The judgment directed the Secretary to pay to Advanced Home Health Care Inc., a home provider of Medicare services, $10,023.00, representing interest accruing on pre-petition overpayments [1], $62,324.30 representing pre-petition overpayments which the Secretary recouped against post-petition reimbursement for services rendered, and costs and legal fees in the amount of $29,182.00 for willful violation of the automatic stay, 11 U.S.C. § 362(h). *In re Advanced Professional Home Health Care, Inc.*, Adv. No. 86–1052 (Bankr.E.D.Mich. June 2, 1988).

In its Opinion and Memorandum dated January 24, 1988 the Bankruptcy Court in essence found that the police and regula-

tory exception to the automatic stay, 11 U.S.C. § 362(b)(4), did not apply to the overpayments; the Secretary's actions were in the form of a setoff and not recoupment; and that the relationship between the Secretary and Advanced partook of an assumable loan. 11 U.S.C. § 365(c)(2), thus the agreement between the Secretary and Advanced was not assumable.[2] *In re Advanced Professional Home Health Care, Inc.*, 82 B.R. 837 (Bankr.E.D.Mich.1988).

The Judgment of June 2, 1988 is REVERSED and this case is REMANDED to the Bankruptcy Court with instructions to DISMISS the adversary claim.

The central error in the Bankruptcy Court's decision is the failure to recognize that the relationship between the Secretary and Advanced is governed by a complex statutory scheme. Under that scheme, Advanced could not continue as a provider following the filing of a petition for reorganization on November 12, 1986 unless it effectively assumed the obligations of the provider agreement under which it had previously been operating. 42 U.S.C. § 1395 *et seq.* The Secretary recognized this obligation on the part of Advanced when on November 20, 1986 it filed a motion in the Bankruptcy Court for an order directing Advanced to assume or reject the provider agreement. Likewise, Advanced recognized this obligation when on December 1, 1987 it filed a motion to obtain such approval. The manipulative efforts of Advanced following the filing of the Secretary's motion to avoid directly facing the question of whether or not it desired to continue as a provider and the failure of the Bankruptcy Court to immediately attend to the motion resulted in protracted and unnecessary proceedings leading ultimately to the decision of January 24, 1988 and the Judgment of June 2, 1988.

The issues implicated in the appeal have been fully discussed in a number of cases and there is no need to repeat that discussion here. By and large the decision

---

1. The Secretary does not appeal this portion of the judgment.

2. Neither party supports the Bankruptcy Judge's conclusion on the applicability of 11 U.S.C. § 365(c)(2).

in *In re Memorial Hospital of Iowa County,* 82 B.R. 478 (W.D.Wis.1988) fully covered the applicable law and, except for its erroneous conclusion, stands for the reasoning here. In *In re Memorial Hospital* the court held for the provider because the Secretary did not formally move for relief from the automatic stay provisions of 11 U.S.C. § 362 and did not petition the bankruptcy court for an order requiring the debtor to assume or reject the provider agreement. *Id.* at 484. Certainly the continuation of the debtor as a provider obviated the need for strictly observing such requirements. As explained in *Lee v. Schweiker,* 739 F.2d 870, 876 (3d Cir.1984), a debtor cannot continue to enjoy the fruits of an executory contract post-petition while ignoring its roots. Here, the Secretary properly moved the Bankruptcy Court to require Advanced to assume or reject the provider agreement. Advanced obviously had to assume the agreement since it looked to the reorganization of its financial affairs and could not do so unless it continued in business as a provider. This it could not do without the right of the Secretary to recoup overpayments from subsequent reimbursements. Congress in enacting Title XVIII, 42 U.S.C. § 1395 *et seq.,* so provided, and there is nothing in the Bankruptcy Act directly or by implication which overrides that statutory scheme. What must be remembered is that the relationship between the Secretary and a provider is no ordinary business relationship. A provider is the Secretary's surrogate in implementing an important governmental social welfare program and to treat the Secretary as an ordinary creditor and the provider as an ordinary debtor substantially distorts that relationship.

As to the award of attorney's fees, since any violation of the automatic stay by the Secretary was a technical one at best and since the extended legal effort by Advanced was to serve its own parochial purposes, the award of attorney's fees was an abuse of discretion, to the extent there was any discretion to make such an award.

SO ORDERED.